UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 11-60289-CIV-COHN/SELTZER

GEORGE WILSON TAYLOR,

     Plaintiff,

v.

AIR ATLANTA ICELANDIC, and
AIRBORNE PERSONNEL, LTD.,

     Defendants.

_____/

## ORDER DENYING MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Remand to State

Court [DE 5] ("Motion to Remand").  The Court has carefully considered Defendant Air

Atlantic Icelandic's Petition for Removal [DE 1] ("Notice of Removal"), the Motion to

Remand [DE 5], Defendant Air Atlanta Icelandic's Response in Opposition to Plaintiff's

Motion for Remand [DE 21], Plaintiff's Reply [DE 26], and is otherwise fully advised in

the premises.

## I.  BACKGROUND

Plaintiff George Wilson Taylor is a citizen of the State of Florida.  Defendant Air

Atlanta Icelandic ("AAI") is a citizen of Iceland.  Defendant Airborne Personnel Ltd.

("Airborne") is a citizen of Guernsey.[1]  Accordingly, the parties are citizens of different

states.  No party contends otherwise.

Plaintiff is a certified jet airline pilot with over 14,400 hours of flight time.

---

[1]    The Complaint alleges that Airborne "was and is an English corporation."
Complaint [DE 1-3] ¶ 15.  However, according to the representations in Airborne's
Consent and Joinder in Removal [DE 1-2], Airborne is a Guernsey corporation with its
principal place of business in Guernsey.  Either way, Airborne is not a citizen of Florida.

Complaint ¶ 8.  On or about June 2004, when Plaintiff was fifty-six years-old, AAI, through its companion company and joint employer Airborne, hired Plaintiff as an airline pilot.  Id. ¶ 9.  In or about December 2008, Plaintiff received a notice that his employment contract would be terminated and replaced with a contract paying less compensation.  Id. ¶ 16.  Shortly thereafter, in or about January 2009, Airborne informed Plaintiff that no contract would be available after February 15, 2009.  When Plaintiff asked Airborne why younger, less experienced pilots were offered contracts and he was not, Airborne responded that age was a factor.  Id. ¶ 19.

On October 14, 2010, Plaintiff filed a one-count Complaint in Florida state court ("Complaint") alleging unlawful age discrimination in violation of the Florida Civil Rights Act of 1992.  The Complaint does not allege a fixed amount of compensatory damages.[2]  On February 9, 2011, Defendant AAI filed its Notice of Removal.[3]  On February 15, 2011, Plaintiff filed his Motion to Remand and argues that the case should be remanded to state court because the amount in controversy does not exceed $75,000.

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction.  Federal jurisdiction exists only when a controversy involves either a question of federal law or diversity of citizenship between the parties.  See 28 U.S.C. §§ 1331-1332.  The parties here do not contend

---

[2]     The Complaint states only that "[t]his is an action for damages in excess of $15,000, exclusive of attorneys' fees and court costs."  Complaint ¶ 2.

[3]     Plaintiff served AAI on January 12, 2011.  AAI's Notice of Removal is therefore timely.  See 28 U.S.C. § 1446.

that their controversy involves a question of federal law.  Accordingly, this Court has jurisdiction over the instant case only if diversity jurisdiction exists.

Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332.  There is no dispute in this case that the parties are of diverse citizenship.  Therefore, the only jurisdictional issue concerns whether the amount in controversy requirement has been satisfied.

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 753 (11th Cir. 2010).  Rather, where a plaintiff has not pled a specific amount of damages, the removing defendant must establish the amount in controversy by a preponderance of the evidence.  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  To establish the amount in controversy by a preponderance of the evidence, "Defendants may introduce their own affidavits, declarations, or other documentation - provided of course that removal is procedurally proper."  Pretka, 608 F.3d at 755.

Here, Defendant AAI submitted with its Notice of Removal a declaration that Plaintiff earned the equivalent of $85,740 per year, or $7,145.00 per month, at the time his contract was not renewed.  See Declaration of Stefan Eyjolfsson in Support of Petition for Removal [DE 1-1] ¶ 5.  Furthermore, Plaintiff alleges that he is entitled to back pay from February 22, 2009 (i.e., approximately twenty-four months before AAI filed the Notice of Removal).  See Complaint ¶ 22.  Twenty-four months, at $7,145.00 per month equals $171,480.00.  Thus, even if the Court uses only the twenty-four

3

month period preceding the date that Plaintiff filed his Notice of Removal, let alone the date of any prospective judgment, AAI has established by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.00.

Plaintiff argues that the Court should consider the mitigation of damages and set-off based upon his subsequent income.  Plaintiff, however, does not actually argue that he earned any subsequent income, much less offer evidence of subsequent income.  Instead, Plaintiff argues that the burden to establish the amount of controversy lies with Defendant.  Plaintiff therefore contends that because Defendant has failed to prove that Plaintiff earned no subsequent income between the filing of the case and the time he filed his Complaint, Defendant has failed to carry its burden.

Plaintiff's proposed application of the burden of persuasion is nonsensical.  A plaintiff – when faced with evidence that the amount in controversy exceeds the jurisdictional requirement – may not rely on theoretical possibilities, rather than its own rebuttal evidence, to avoid removal.  Stated differently, if Plaintiff earned enough income between February 22, 2009, and the date he filed his Complaint to reduce the amount in controversy below the jurisdictional amount, he could have averred as much in his Motion to Remand, or even in his reply in support of the Motion to Remand.  Plaintiff, however, did not.

"Regardless, any set-off to which Defendant may be entitled is irrelevant at the jurisdictional stage, as the Court must look at the amount in controversy at the time of removal."  Black v. State Farm Mut. Auto. Ins. Co., No. 10-80996-CIV, 2010 WL 4340281, at *2 (S.D. Fla. Oct. 22, 2010).  Defendants, therefore, have established by a preponderance of the evidence that the amount in controversy here exceeds $75,000.

4

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand to State Court [DE 5] is **DENIED**.  It is **FURTHER ORDERED AND ADJUDGED** that Plaintiff's unopposed Motion to Stay All Proceedings Pending the Court's Decision on Plaintiff's Amended Motion for Remand, or, in the Alternative, Motion for Extension of Time to Respond to Defendant AAI's "Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, Motion for Summary Judgment" [DE 15] is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff shall respond to Defendants' motions to dismiss [DE's 6, 20] no later than April 25, 2011.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of March, 2011.


JAMES I. COHN
United States District Judge


Copies provided to counsel of record.

5